IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION

**JEROME BANKS, #36499**                                                                      **PLAINTIFF**

**VERSUS**                                          **CIVIL ACTION NO. 2:13-CV-16-KS-MTP**

**HUBERT DAVIS,** *et al.*                                                                  **DEFENDANTS**

### REPORT AND RECOMMENDATION

THIS MATTER is before the Court on Plaintiff's motion for emergency administrative assistance [22]. Plaintiff seeks dismissal of a rules violation report ("RVR") and transfer to another facility. Having considered the motion, evidence in the record, and applicable law, the undersigned recommends that the Plaintiff's motion should be DENIED.

### FACTUAL BACKGROUND

Plaintiff Jerome Banks, proceeding *pro se*, filed his original complaint [1] pursuant 42 U.S.C. § 1983 on January 31, 2013, against the following Defendants: Hubert Davis, Ulysses Lewis, Obadiah Polk, and Brenda Sims. The Plaintiff alleges multiple violations were committed by the Defendants including but not limited to denial of due process (refusal of inmate's second drug screen request after an initial positive result) and cruel and unusual punishment (impeding Plaintiff's ability to transfer to a facility closer to home and sexual harassment).

### DISCUSSION

On May 28, 2013, Plaintiff filed a motion for emergency administrative assistance [22]. In his motion, Plaintiff seeks an order expunging certain RVR's from his record and allowing him to transfer away from South Mississippi Correctional Institute ("SMCI"). Plaintiff claims his right to due process was violated when Defendant Sims issued two allegedly false rule violation reports: the first being for disorderly conduct and another for a failed urine drug test.  Plaintiff contends

that Defendant Sims issued the reports to prevent him from enjoying visitation privileges and/or from transferring closer to home. Plaintiff fears that Defendant Sims will issue a third RVR, which would cause Plaintiff to be transferred to an area with more stringent conditions. Plaintiff further speculates that if he is not transferred to another correctional facility Defendant Sims might label Plaintiff a "snitch" so that gang members will subject him to physical violence. Plaintiff alleges that without a transfer he will continue to be subjected to cruel and unusual punishment.[1]

Essentially, Plaintiff seeks preliminary injunctive relief. A party requesting a preliminary injunction must prove each of the following elements: (1) a substantial likelihood of success on the merits; (2) a substantial threat that failure to grant the injunction will result in irreparable injury; (3) the threatened injury must outweigh any damage that the injunction will cause to the adverse party; and (4) the injunction must not have an adverse effect on the public interest. *See Women's Med. Ctr. of Northwest Houston v. Bell*, 248 F.3d 411, 419 n.15 (5th Cir. 2001); *Bluefield Water Ass'n, Inc. v. City of Starkville, Miss.,* 577 F.3d 250, 252-253 (5th Cir. 2009). The Fifth Circuit has deemed the first element to be *sine qua non*, meaning there is no need to proceed to the other elements if a substantial likelihood of success on merits cannot be proven. *See Walgreeen Co. v. Hood*, 275 F.3d 475, 477 (5th Cir. 2001) (affirmed denial of preliminary injunction on the sole basis that there was no *substantial* basis that the plaintiff would prevail on merits) (emphasis added); *see also La Union Del Pueblo Entero v. FEMA*, 608 F.3d 217, 225 (5th Cir. 2010) (issuance of preliminary injunction was erroneous because a substantial likelihood

---

[1]In his reply brief [26], Plaintiff states that Defendant Sims has attempted to have him strip searched in the past and that she has required other inmates to take off their clothes in her presence.  This Court will not consider any argument raised for the first time in a reply brief as the Defendants have not been afforded an opportunity to respond to it.  *See United States v. Ramirez*, 557 F.3d 200, 203 (5th Cir.2009) ("This court does not entertain arguments raised for the first time in a reply brief.").

of success was not shown, no analysis of the subsequent elements was needed). A preliminary injunction "is an extraordinary and drastic remedy, not to be granted routinely, but only when the movant, by a clear showing, carries the burden of persuasion" on *each* of the four elements of the analysis. *White v. Carlucci*, 862 F.2d 1209, 1211 (5th Cir. 1989).[2]

There is little evidence in this matter that would support the lofty burden necessary to issue a preliminary injunction. Based solely on the pleadings, Plaintiff has failed to provide a convincing argument that he would have a substantial likelihood of success on the merits of his case. Plaintiff has not adequately shown that the privileges he lost qualify as such "atypical or significant hardship[s]" as to constitute due process violations. *See Sanding v. Conner*, 515 U.S. 472, 115 S. Ct. 2293 (1995). Plaintiff's classification, which determines his ability to transfer or enjoy privileges, has not been negatively impacted by the two allegedly erroneous RVRs as argued. (Dkt [25-3]). Plaintiff was initially classified as a "medium" custody inmate and remains so to this day. Plaintiff is no longer subject to the restrictions resulting from the second RVR, as it expired on June 30, 2013, rendering an injunction moot. Further, the record indicates that Defendant Deputy Warden Hubert Davis found Plaintiff's ARP grievance concerning Sims to be without merit after conducting an internal investigation into the matter.[3] (Dkt. [25-1] at 1-14).

Additionally, it is speculative that the Plaintiff will receive a third unwarranted RVR,[4] and

---

[3]Contrary to Plaintiff's allegations, Obadiah Polk was the reporting officer for Plaintiff's second RVR, and Captain Enlers was the hearing officer – Defendant Sims did not participate in that process. (Dkt. [25-2] at 1-2).

[4]The Court notes that Plaintiff's argument that he will suffer irreparable *physical* injury (not solely loss of privileges), if he remains at SMCI, was taken into consideration. Plaintiff's argument relies on the fact that other inmates, past and present, suffered physical injury, but offers no facts proving a substantial threat exists that he *will* be injured if this Court does not order a transfer. The irreparable harm element "must be satisfied by independent proof" not mere conjecture as put forth in this case. *Harris v. Wilters*, 596 F.2d 678, 680 (5th Cir. 1979); *see also*

be transferred to a more stringent area within SMCI. A "threatened injury must be certainly impending to constitute injury in fact," and "[a]llegations of possible future injury" are not sufficient. *Whitmore v. Arkansas*, 495 U.S., 149, 158, 110 S.Ct. 1717 (internal quotations omitted). Regardless, inmates do not have a constitutional right to a certain classification, housing, prison, job or program. *See Meacham v. Fano*, 4427 U.S. 215 (1976).  Accordingly, Plaintiff is unable to prove a substantial likelihood of success on his due process claims. Further, Plaintiff is unable to show that he faces a substantial threat of irreparable injury if an injunction is not granted; that the injury he potentially faces outweighs any harm caused by an injunction; and that an injunction, if granted, would not have an adverse effect on the public interest.  Therefore, Plaintiff has failed to meet his burden for preliminary injunctive relief.[5]

## RECOMMENDATION

Based on the foregoing analysis, the undersigned recommends that the Plaintiff's Motion for Emergency Administrative Assistance [22] be denied.

## NOTICE OF RIGHT TO OBJECT

---

*Whitmore v. Arkansas*, 495 U.S., 149, 158, 110 S.Ct. 1717. Plaintiff must show that he *is/was* incarcerated under conditions posing a substantial risk of serious harm and that prison officials were deliberately indifferent to his need for protection. *Newton v. Black*, 133 F.3d 301, 308 (5th Cir.1998); *Neals v. Norwood*, 59 F.3d 530, 533 (5th Cir.1995). Further, to act with deliberate indifference, "the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must draw the inference." *Newton*, 133 F.3d at 308 (quoting *Farmer v. Brennan*, 511 U.S. 825, 837, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994)).

[5]Plaintiff failed to provide a clear showing of facts to establish any of the four elements required for a preliminary injunction. The Court need not examine the latter elements, if element one is not proven. *See, e.g., Janvey v. Alguire*, 647 F.3d 585 (5th Cir. 2011) (must show, *inter alia*, "a substantial likelihood of success on the merits" in order to receive a preliminary injunction); *See also La Union Del Pueblo Entero v. FEMA*, 608 F.3d 217, 225 (5th Cir. 2010) (issuance of preliminary injunction was erroneous because a substantial likelihood of success was not shown, no further analysis of by the circuit court of the subsequent elements was needed).

In accordance with the rules and 28 U.S.C. § 636(b)(1), any party within fourteen days after being served a copy of this recommendation, may serve and file written objections to the recommendation, with a copy to the judge, the magistrate judge and the opposing party. The District Judge at the time may accept, reject or modify in whole or part, the recommendations of the Magistrate Judge, or may receive further evidence or recommit the matter to this court with instructions. The parties are hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendations contained within this report and recommendation within fourteen days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions accepted by the district court to which the party has not objected. *Starns v. Andrews*, 524 F.3d 612, 617 (5th Cir. 2008) (citing *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996)).

SO ORDERED, this 8th day of August, 2013.

s/ Michael T. Parker<br>United States Magistrate Judge