IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

JEROME BANKS                                                                                           PLAINTIFF

v.                                                              CIVIL ACTION NO.: 1:13-cv-509-MTP

BRENDA SIMS                                                                                        DEFENDANT

## OPINION AND ORDER

THIS MATTER is before the Court on the Defendant's Motion for Summary Judgment [50]. Having reviewed the submissions of the parties and the applicable law, the Court finds that the Motion [50] should be granted.

## FACTUAL BACKGROUND

On January 31, 2013, Plaintiff Jerome Banks, proceeding *pro se* and *in forma pauperis*, filed his complaint pursuant to 42 U.S.C. § 1983. In his complaint and as clarified by his testimony at the *Spears*[1] hearing, Plaintiff alleges that Defendant Officer Brenda Sims harassed him by performing unnecessary body searches and issued false Rule Violation Reports ("RVRs") against him. One of the RVRs was related to disorderly conduct and the other was related to a failed drug test. Plaintiff claims that he is innocent of any disorderly conduct and claims that Defendant is responsible for his failed drug test because she tampered with the sample and did not follow proper procedure in administering the test. According to Plaintiff, as a result of the RVRs, he lost his job in the prison infirmary, thereby preventing him from earning meritorious earned time credit, and lost certain privileges, including visitation, canteen usage, and telephone usage for a period of ninety days. *See* Omnibus Order [38].

---

[1] *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985).

1

Plaintiff's claims occurred while he was a post-conviction inmate at the South Mississippi Correctional Institution ("SMCI"), where he is currently incarcerated. Plaintiff seeks an order from this Court directing that the Defendant be investigated and that the false RVRs and drug test at issue be removed from his record. Plaintiff also seeks to be transferred from SMCI. On January 31, 2014, Defendant moved for summary judgment, arguing that she is entitled to qualified immunity and otherwise entitled to summary judgment as a matter of law.

## STANDARD FOR SUMMARY JUDGMENT

Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). Summary judgment must be rendered "after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Id*. at 322-23. The movant bears the initial responsibility of informing the Court of the basis for its motion and identifying those portions of the record it believes demonstrate the absence of a genuine dispute of material fact. *Id*. at 323. The burden then shifts to the nonmoving party to go beyond the pleadings and designate, by affidavit, depositions, answers to interrogatories, or admissions on file, specific facts showing that there is a genuine issue for trial. *Id*. at 324.

At the summary judgment stage, the Court must consider the facts in the light most favorable to Plaintiff. *Scott v. Harris*, 550 U.S. 372, 378 (2007). "However, a nonmovant may not overcome the summary judgment standard with conclusional allegations, unsupported

assertions, or presentation of only a scintilla of evidence." *McClure v. Boles*, 490 Fed. App'x 666, 667 (5th Cir. 2012).

## ANALYSIS

Plaintiff's claims are before the Court pursuant to 42 U.S.C. § 1983.  Section 1983 "neither provides a general remedy for the alleged torts of state officials nor opens the federal courthouse doors to relieve the complaints of all who suffer injury at the hands of the state or its officers." *White v. Thomas*, 660 F.2d 680, 683 (5th Cir. 1981).  Rather, "[i]t affords a remedy only to those who suffer, as a result of state action, deprivation of 'rights, privileges, or immunities secured by the Constitution and laws' of the United States." *Id*. (quoting 42 U.S.C. § 1983).  Accordingly, Plaintiff must demonstrate a genuine issue of material fact as to the following two elements: (1) the deprivation of a right secured by the Constitution or laws of the United States and (2) the deprivation was caused by a person acting under color of state law.

Defendant argues that she, in her individual capacity, is entitled to qualified immunity. Qualified immunity shields government officials performing discretionary functions from civil liability so long as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known. *Glenn v. City of Tyler*, 242 F.3d 307, 312 (5th Cir. 2001). The Fifth Circuit has held:

> Qualified immunity protects all but the plainly incompetent or those who knowingly violate the law, and courts will not deny immunity unless existing precedent . . . placed the statutory or constitutional question beyond debate.  Therefore, a plaintiff seeking to overcome qualified immunity must show: (1) that the official violated a statutory or constitutional right, and (2) that the right was clearly established at the time of the challenged conduct.  A court has discretion to decide which prong to consider first.

*Whitley v. Hanna*, 726 F.3d 631, 638 (5th Cir. 2013) (internal citations omitted).

The usual summary judgment burden of proof is altered somewhat in the case of a qualified immunity defense. *See Gates v. Tex. Dep't of Protective and Regulatory Servs.*, 537 F.3d 404, 419 (5th Cir. 2008). Once a defendant asserts a good faith qualified immunity defense, the burden shifts to the plaintiff to show that the defense is inapplicable. *Hathaway v. Bazany*, 507 F.3d 312, 319 (5th Cir. 2007). "Negating qualified immunity 'demands more than bald allegations and conclusionary statements.'" *Fleming v. Tunica County*, 497 Fed. App'x 381, 388 (5th Cir. 2012) (quoting *Wicks v. Miss. State Emp't Servs.*, 41 F.3d 991, 995 (5th Cir. 1995)). A plaintiff "must allege facts specifically focusing on the conduct of [the individual defendant] which caused his injury." *Id*. "[A] plaintiff seeking to overcome qualified immunity must plead specific facts that both allow the court to draw the reasonable inference that the defendant is liable for the harm [the plaintiff] has alleged and that defeat a qualified immunity defense with equal specificity." *Backe v. LeBlanc*, 691 F.3d 645, 648 (5th Cir. 2012). The qualified immunity determination should be made before trial as a matter of law unless material disputed facts exist as to whether the official acted in a reasonable manner. *Lampkin v. City of Nacogdoches*, 7 F.3d 430, 435 (5th Cir. 1993); *Porter v. Epps*, 659 F.3d 440, 445 (5th Cir. 2011); *Hunter v. Bryant*, 502 U.S. 224, 228 (1991) ("Immunity ordinarily should be decided by the court long before trial").

**Searches**

Plaintiff alleges that Defendant performed unnecessary body searches on him. These allegations amount to a claim against Defendant for violations of Plaintiff's privacy rights under the Fourth Amendment. However, "[s]trip searches have been repeatedly recognized as an important tool of prison security, and are not *per se* unconstitutional." *McCrary v. Richardson*,

738 F.3d 651, 656 (5th Cir. 2013). "Prisoners retain, at best, a very minimal Fourth Amendment interest in privacy after incarceration." *Oliver v. Scott*, 276 F.3d 736, 744 (5th Cir. 2002). "A prisoner's rights are diminished by the needs and exigencies of the institution in which he is incarcerated." *Elliott v. Lynn*, 38 F.3d 188, 190-91 (5th Cir. 1994). Therefore, courts "defer to the judgment of correctional officials unless the record contains substantial evidence showing their policies are an unnecessary or unjustified response to problems of jail security." *McCreary*, 738 F.3d at 657 (internal quotation marks omitted).

Plaintiff simply states that Defendant subjected him to multiple searches that amounted to due process violations. *See* Response [52] at 12. This is a conclusory statement. Plaintiff has failed to plead specific facts demonstrating that the searches were unnecessary or unjustified. Plaintiff has failed to demonstrate that Defendant violated a clearly established statutory or constitutional right. Accordingly, Plaintiff has failed to overcome the qualified immunity defense, and Defendant is entitled to judgment as a matter of law regarding these claims.

**Rule Violation Reports**

Plaintiff alleges that a RVR issued against him by Defendant for disorderly conduct was based on false information. Plaintiff also alleges that Defendant is responsible for a false RVR issued against him for a failed drug test. According to Plaintiff, Defendant tampered with his urine sample and did not follow proper procedure in administering the test. Plaintiff claims that these RVRs caused him to lose his job in the prison infirmary, preventing him from earning meritorious earned time credit, and caused him to lose certain privileges.

Plaintiff's allegations amount to a claim against Defendant for violations of his due process rights. "The fundamental requirement of due process is the opportunity to be heard at a

5

meaningful time and in a meaningful manner." *Mathews v. Eldridge*, 424 U.S. 319, 333 (1976) (internal quotations omitted). In determining whether there has been a due process violation, courts consider (1) whether there has been a "liberty or property interest which has been interfered with by the State," and, if so, (2) whether that process was "constitutionally adequate." *Zinermon v. Burch*, 494 U.S. 113, 126 (1990).

Plaintiff's liberty interests were not infringed upon by the punishment he received as a result of the RVRs. Protected liberty interests "are generally limited to state-created regulations or statutes which affect the quantity of time rather than the quality of time served by a prisoner." *Madison v. Parker*, 104 F.3d 765, 767 (5th Cir. 1997). A prisoner's liberty interest protected by the Due Process Clause is "generally limited to freedom from restraint which . . . imposes an atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472, 483-84 (1995). The protection afforded by the Due Process clause does not extend to every adverse or unpleasant condition experienced by an inmate. *Madison*, 104 F.3d at 767.

A restriction in privileges or a change in classification does not implicate due process concerns. *Id*. at 767-68; *Harper v. Showers*, 174 F.3d 716, 719 (5th Cir. 1999). Additionally, the denial of the *opportunity* of an inmate to reduce his sentence through the accrual of earned time credit does not implicate a constitutionally protected liberty interest. *Luken v. Scott*, 71 F.3d 192, 193 (5th Cir. 1995). Because Plaintiff was not deprived of a constitutionally protected liberty interest, he cannot maintain a claim under the Due Process Clause.

Furthermore, Plaintiff was afforded constitutionally adequate due process. Plaintiff was afforded an opportunity to be heard at a disciplinary hearing on the RVRs, and he was found

guilty of the alleged wrongful conduct. *See* Response [25] Ex. B.  Federal courts do not conduct a *de novo* review of a disciplinary hearing officer's factual findings.  The Constitution does not demand "error free decision making." *Collins v. King*, 743 F.2d 248, 253-54 (5th Cir. 1984). "Prison disciplinary proceedings are overturned only where no evidence in the record supports the decision." *Broussard v. Johnson*, 253 F.3d 874, 877 (5th Cir. 2001).

     Plaintiff maintains that he is innocent.  Plaintiff, however, has failed to demonstrate that no evidence supported the hearing officer's decision.  Plaintiff also maintains that Defendant failed to adhere to the proper procedures in administering his drug test, but such a failure does not rise to the level of a constitutional violation. *Hernandez v. Estelle*, 788 F.2d 1154 (5th Cir. 1986).

**Official Capacity**

     To the extent Plaintiff asserts claims against Defendant in her official capacity, such claims fail to implicate due process concerns.  A suit against a public official in her official capacity is in effect a suit against the government entity she represents. *Mairena v. Foti*, 816 F.2d 1061, 1064 (5th Cir. 1987).  To establish liability, Plaintiff must prove that a policy, custom, or practice of that local government entity was the "moving force" behind the constitutional violation. *Monell v. Dep't of Social Servs.*, 436 U.S. 658, 694 (1978).  A "description of a policy or custom and its relationship to the underling constitutional violation . . . . cannot be conclusory; it must contain specific facts." *Spiller v. City of Texas City, Police Dep't.*, 130 F.3d 162, 167 (5th Cir. 1997).  The Plaintiff has failed to come forward with specific facts regarding the policy or custom and its relationship to the underling constitutional violation. Plaintiff simply makes conclusory, unsupported allegations regarding Defendant's actions.

Moreover, Plaintiff has failed to establish an underlying constitutional violation. Accordingly, Defendant is entitled to judgment as a matter of law.

## CONCLUSION

For the reasons stated above, the Court finds that Defendant's Motion for Summary Judgement [50] should be granted.

IT IS, THEREFORE, ORDERED that:

1. Defendant's Motion for Summary Judgment [50] is GRANTED,

2. This action is dismissed with prejudice, and

3. A separate judgment in accordance with Federal Rule of Civil Procedure 58 will be filed herein.

SO ORDERED this the 28th day of April, 2014.

    s/ Michael T. Parker
    United States Magistrate Judge